**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OSCAR OLIVER LOPEZ,**<br>**Petitioner,**<br>**v.**<br>**WARDEN, DELANEY HALL DETENTION FACILITY,**<br>**Respondent.** | **Case No. 26–cv–14158–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Oscar Oliver Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Guatemala. (*Id.* ¶ 3.) He entered the United States at an unknown time and place. (*Id.* ¶ 9.)

2. On October 21, 2026, he was detained by the Immigration and Customs Enforcement (ICE). (ECF No. 4–1 p. 1.) ICE made an initial custody determination concluding that petitioner was to be detained pursuant to 8 U.S.C. § 1226(a). (*Id.*) Petitioner requested review by an immigration judge but refused to sign the form. (*Id.*)

3. An immigration judge conducted a review of that determination and ordered that petitioner could be released on $12,000 bond. (ECF No. 4–3 pp. 1, 2.)

4. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5. "The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody." *Cocha Cocha v. Tsoukaris*, No. 26–cv–09857, 2026 WL 2806733, *2 (D.N.J. Sept. 18, 2026).

6. "Respondents unquestionably possess the authority to detain noncitizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

7. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

8. Petitioner received a hearing and is eligible for release on $12,000 bond. (ECF No. 4–3 pp. 1, 2.)

9. He has received the process to which he was entitled pursuant to §1226(a).

Accordingly,

**IT IS** on this **18th** day of **November 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall mail petitioner a copy of this opinion and order by regular mail and **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**